■ Yahaira Hernandez et al., Plaintiffs, v Arden Kaisman, Defendant/Third-Party Plaintiff-Appellant. Paul Brisson, Third-Party Defendant-Respondent. [909 NYS2d 62]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 2, 2009, which, in an action alleging sexual harassment, granted third-party defendant Brisson's motion for summary judgment dismissing third-party plaintiff Kaisman's claim for contribution, unanimously affirmed, with costs.

Kaisman and Brisson were co-owners of a company that managed their medical practices. The main action involves allegations that Kaisman sexually harassed each of the three plaintiffs. No allegations of sexual harassment were made by any of the plaintiffs against Brisson. Kaisman brought a third-party complaint that, to the extent at issue here, seeks contribution from Brisson on the theory that Brisson committed acts that were part and parcel of the injuries allegedly suffered by the plaintiffs.

We are not presented with a circumstance where the limited allegations that Kaisman made against Brisson (beyond statements of a conclusory nature) were acknowledged by the plaintiffs to have occurred, where no evidence from the plaintiffs regarding the Kaisman allegations was adduced one way or another, or where the plaintiffs differed among themselves in their evidence regarding the Kaisman allegations. On the contrary, all of the plaintiffs have concurred with Brisson's denial of Kaisman's allegations. Moreover, Kaisman did not put forward any evidence that the alleged conduct by Brisson represented conduct that was "unwelcome" to the plaintiffs—even if, implausibly under the particular facts of this case, that conduct did occur contrary to the denials of the plaintiffs. In short, a jury would have no basis to conclude that Brisson engaged in *actionable* conduct against these plaintiffs.*

In view of the foregoing, the decision below granting summary judgment to Brisson must be affirmed. As the factual posture of this case is not one where a jury could find that Brisson was a second tortfeasor, we need not decide the broader question of the parameters of the contribution doctrine under the New York State and New York City Human Rights Laws, including the extent to which acts of harassment alleged beyond those in the main complaint represent the same injury for which contribution could be sought (or rather additional distinct injuries for which contribution could not be sought), and

---

* The fact that some employees do not find conduct "unwelcome" does not, of course, prevent any other employee who was the target of, or who was exposed to such conduct, from complaining about such conduct.

whether the differences in the substantive standards for establishing sexual harassment under the two laws would require different results in respect to contribution. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.

